IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALLACE R. DAVIDSON,

Plaintiff,

vs.                                                   CIVIL NO.   00-233 M/LFG-ACE

SEARS, ROEBUCK & COMPANY,

Defendant.

## MEMORANDUM AND ORDER ON PLAINTIFF'S
## MOTION TO COMPEL RESPONSES

THIS MATTER is before the Court on Plaintiff's Motion to Compel Full and Complete Responses to Plaintiff's Second Set of Requests for Production to Defendant [Doc. 25].  In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed. Oral argument is not necessary.

### Background

This is an age discrimination lawsuit brought pursuant to New Mexico law, NMSA 1978  § 28-1-7.  Plaintiff contends that in February 1998, he was told he should resign from his sales position with Defendant or he would be terminated.  Plaintiff, who was seventy years old at the time, contends that he had endured years of hostility in the workplace, and his practice of adjusting delivery and sales charges was a standard and accepted sales practice used in Defendant's store.  He contends that he was terminated because of his age, and that Defendant's contentions that he engaged in misconduct are pretextual.

On the other hand, Defendant denies that Plaintiff was told he should resign from his sales position or that he would be terminated. Defendant alleges that, on the contrary, Plaintiff voluntarily resigned from his position as a sales associate without threats of any kind during the pendency of a store investigation related to Plaintiff's violations of store policy. Defendant contends Plaintiff violated company policy by refunding or promising to refund delivery charges without obtaining prior approval from a manager, and that the purpose of this refund was only to increase his own sales and not for any reason approved by company policy. Defendant contends that Plaintiff improperly engaged in this practice over a several month period, and that this policy was expressly prohibited by Defendant at its Roswell, New Mexico stores.

After an initial round of discovery requests served on Defendant, and after depositions, Plaintiff served a new wave of written discovery. Defendant either responded or objected, and Plaintiff now contends that the responses or objections were improper and moves to compel full and complete responses to his Second Set of Interrogatories and Requests for Production.

## Present Dispute

In Interrogatory No. 1, Plaintiff asks Defendant to calculate the benefits to which he would have been entitled had he completed ten years of service, including profit sharing, insurance, discount card, social security and pension.

In its response, Defendant states that it should not be compelled to become Plaintiff's expert economist by preparing a calculation of benefits. Defendant argues that it is not in possession of those calculations, and while it does not object to providing written materials concerning salary, and benefit and retirements information that may be used to calculate the damages, it does not want to perform a function that is imposed on a plaintiff by the rules of civil procedure.

2

The Court agrees. While Plaintiff could obtain information concerning rates of pay, benefit plans, and other information available to employees, and to him in particular, it is improper for Plaintiff to require Defendant to perform the damage calculations on Plaintiff's behalf. Clearly, Plaintiff has an equal opportunity to perform these calculations based upon information available to him or which he can obtain.

Defendant's argument that calculation of damages is a plaintiff's responsibility under Fed. R. Civ. P. 26(b)(1) is correct. Here, Plaintiff is not asking for information concerning benefits that are available to employees, but seeks to have Defendant perform the calculations for him. This is Plaintiff's own burden. The Court sustains Defendant's objection.

In Request for Production No. 6, Plaintiff asks Defendant to produce copies of all written statements submitted by Sears' employees and management concerning the incidents which are the subject of this litigation. Defendant objects, stating that the information is protected by attorney-client privilege and work product doctrine.

Plaintiff responds by stating that Defendant has failed to properly assert privilege. Plaintiff contends that no privilege log was presented. The burden of establishing the elements of a privilege rests with the party asserting it." Barclays American Corp. v. Kane, 746 F.2d 653, 656 (10th Cir. 1984). Neither the attorney-client privilege nor work product protect all communications. Thus, the burden of demonstrating that particular communications are privileged rests with the party asserting the claim.

When a party seeks to assert a privilege, especially under the initial disclosure obligations imposed by Rule 26, that party must disclose the existence of documents and provide enough helpful information to enable an opposing party, and subsequently the court if necessary, to make a

3

determination about the privileged nature of the communications in issue.  In <u>Bowker v. State Farm</u> <u>& Cas. Co.</u>, No. 86-272, Slip Op. (D.N.M. October 9, 1986), Senior Judge Howard Bratton set forth a description of the factual information that should be provided for each communication as to which privilege is claimed or each document claimed to be work product:

     1.  The place, approximate date and manner of preparing the documents;

     2.  the name of the person at whose request the document was prepared;

     3.  the name of each person or persons participating in the preparation of the writing;

     4.  the name and position, if any, of each person to whom the contents of the writing have been communicated by copy, exhibition, reading or substantial summarization;

     5.  the name of the person or persons presently in custody of the original or true copy of the writing; and

     6.  a precise statement of the grounds for the work product or attorney-client protection for each document.

<u>Id.</u> at 6-7.

     Here, Plaintiff contention that Defendant failed to provide a privilege log is belied by Defendant's response and Exhibit A, captioned Privilege Log, which was filed in this case.  However, the Privilege Log is inadequate in that it fails to provide the Court with sufficient information from which the Court can determine the propriety of the privilege claimed.  Therefore, Defendant is required to supplement its response and Privilege Log.  To the extent that factual witness statements exist that are not privileged, they are to be produced.  To the extent that witness statements were prepared in anticipation of litigation and are covered by this Privilege Log, Defendant is required to supplement the Privilege Log in accord with Judge Bratton's suggestion so as to determine the

propriety of the claimed privilege.  If there are witness statements which are not included in the Privilege Log served, those witness statements are to be produced within ten days.

In <u>Request for Production No. 7</u>, Plaintiff seeks information which he contends should have been produced in initial disclosures under Rule 26.  Plaintiff seeks production of copies of the associate handbook for managers for the years 1990 through 1998.  Defendant objects, contending that the request is overly broad and irrelevant.  Defendant has produced the 1998 associate handbook and contends that the 1998 handbook is the only document relevant to this lawsuit.  Plaintiff appears to have abandoned his claim for other handbooks, as he did not reply to this argument.  Defendant has already produced the 1998 handbook, and therefore the Court determines that no other handbook need be produced.

In <u>Request for Production Nos. 8 and 9</u>, Plaintiff sought production of copies of all "I Know It" coupons regarding receipt of discrimination training by employees and  managers of the subject store from years 1990 through 1998, and production of all written manuals and materials provided to Sears employees at the subject store.

In its response in opposition, Defendant argues that it does not retain documents or copies of the "I Know It" coupons identified in Request No. 8, nor has its search located any such coupons responsive to the request.  With respect to the written manuals and materials requests, Defendant produced a 1999 manual and is unaware of any earlier manuals that exists.

As in the prior request for production, Plaintiff makes no further argument concerning this request in his reply and is deemed to have abandoned the request.  Thus, apart from the documents already produced, the Court orders that no other documents responsive to Request for Production Nos. 8 or 9 need be produced.

In <u>Request for Production No. 11</u>, Plaintiff seeks production of copies of any memoranda from store management to sales associates as to store policies that were to be signed by the associates and placed in their files as referred to in the deposition of Bill Croney.

Defendant objects stating that the request is vague, ambiguous and overly broad.  In support of his request, Plaintiff argues that he is simply asking Defendant to produce memos to employees regarding store policies.  Plaintiff argues that the information will show that he had been falsely accused of violating non-existent policies.

In its response, Defendant states that a request for any memorandum by a store manager to any associate that was required to be signed by an associate and placed in the file is overly broad and burdensome.  Defendant has no objection to producing memoranda relevant to the age discrimination brought by Plaintiff relating to actions taken in 1998.  Therefore, the Court orders production of any memorandum relevant to Plaintiff's age discrimination claim.

A request for any written document in any employee's file goes well beyond the scope of permissible discovery.  The Court agrees that the request is so overly broad and vague as to be burdensome.  Plaintiff should narrowly tailor, within the time permitted for formal discovery, any further request, seeking the specific information he believes would be helpful to his claim.  The Court sustains the objection to Request for Production No. 11.

In <u>Request for Production No. 13</u>, Plaintiff seeks production of "complete copies of the book or other documents kept in the Human Resources' Office containing policies and guidelines, a portion of which were attached as Exhibit No. 1 of Logan Reeves [deposition] taken on July 21, 2000."

Defendant responds that this document was produced, and Plaintiff fails to challenge this assertion in his reply.  Accordingly, the Court determines that Plaintiff is satisfied with the document

produced.  No further production is required.

To the extent the Court orders supplementation of interrogatories or production of documents herein, the interrogatory is to supplemented or the documents are to be produced within ten days.


_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
James P. Lyle, Esq.

ATTORNEYS FOR DEFENDANT:
Charles J. Vigil, Esq.
Jeffrey L. Lowry, Esq.