**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES DISTRICT COURT
MEXICO

JAN 3 1 2001

WALLACE R. DAVIDSON,

    Plaintiff,

vs.                                      No. CIV 00-233M/LFG(ACE)

SEARS, ROEBUCK & COMPANY,

    Defendant.

### MEMORANDUM OPINION AND ORDER

Plaintiff brings this case alleging age discrimination in employment pursuant to the New Mexico Human Rights Act, Sec. 28-1-7 NMSA 1986. Defendant removed from state court on diversity of citizenship and now moves for summary judgment pursuant to Fed. R. Civ. P. 56. I have considered all the materials filed and conclude Defendant's motion must be denied.

#### Undisputed Facts

Plaintiff Wallace R. Davidson, a resident of Roswell, New Mexico, is a former employee of Defendant Sears, Roebuck and Company, a New York corporation with its principal place of business in Illinois. Jurisdiction and venue are not at issue.

Davidson was first employed by Sears in 1990, when he was 62 years of age, and as an individual over 40 years of age, Davidson is a member of the class of persons protected by the New Mexico Human Rights Act from age discrimination in employment.

From 1991 to his termination in 1998, Davidson worked as a retail sales associate in the major appliances department of Sears' Roswell store. Davidson left this position with Sears

1



voluntarily in March 1998, but claims a constructive discharge. He claims he retired only because his supervisor, Logan Reeves, and the Roswell store manager, Abram Olivas, led him to believe that if he did not retire, he would be terminated. Davidson alleges that this forced retirement amounts to an unlawful discharge because it was precipitated not by his job performance, but by his age.

In 1998, Davidson was close to ten years of employment with Sears and was anticipating retirement benefits customarily afforded by Sears to persons over sixty years of age with ten years of service. These usual benefits include profit sharing, health insurance, a Sears discount card and participation in Sears' pension plan. Not receiving these benefits or the benefit of continued employment, Davidson brings suit against Sears and alleges actual damages which include loss of employment benefits, past and future wages, court costs and attorney's fees.

Sears denies discriminating against Davidson on account of his age and also denies anyone told Davidson that if he did not retire, he would be terminated. Sears maintains that Davidson left voluntarily after being accused of violating sales rules and company policy.

Sears states that after leaving its employ, Davidson found other work in Roswell, earning more than he had earned at Sears, and Sears therefore contends that as a matter of law Davidson has no cause of action. Sears moves for summary judgment on grounds that (a) Davidson left employment with Sears voluntarily, (b) Davidson has no evidence of discrimination and cannot demonstrate a prima facie case of unlawful age discrimination in employment, and (c) Davidson has suffered no damages.

<u>Disputed Facts</u>

In support of its Motion for Summary Judgment, Sears lists in a "Statement of

Undisputed Material Facts" matters that are actually in dispute. For example, Sears relies on a documents indicating Davidson impermissibly allowed free deliveries on appliance sales. Davidson claims, however, that the accusations of error in his sales procedures are contrived. He states that in "probably 50 percent" of the instances purportedly in error, he was merely acknowledging store coupons for free delivery because a customer had complained of not receiving a timely rebate. Davidson thus claims he did nothing wrong in making adjustments for free deliveries, but that even if he had misunderstood store policy, Reeves and Olivas should have provided him a warning and allowed him to make changes in his sales procedures. Davidson relies for this point on a published Sears' policy: "If associates' work, conduct, or attitude is unsatisfactory, management must make a sincere effort to help associates correct their faults and only release associates when such efforts are unsuccessful."

In another example of Sears identifying facts at issue as not disputed, Sears states: "The Sears store in Roswell had a policy that Plaintiff and other employees in Appliances knew that delivery fees could not be waived to close a sale." Davidson contends the so-called policy was an oral instruction poorly communicated and frequently altered, and he claims Sears' employees regularly circumvented or ignored this instruction in order to make a sale or satisfy a customer. Davidson contends that without sanction or reprimand, other employees, at least one of them younger than he, continue to the present to do the same kinds of things for which he was threatened with termination. The "policy" Sears relies on as uncontested, then, remains a question of fact.

Again, Sears claims it is undisputed that "Nobody ever told Plaintiff that he was going to be fired," but Davidson argues Reeves and Olivas left him with a clear perception he was about

3

to be discharged. Davidson also said in deposition Reeves told him, "You know, Dick, if you retired all of this would be swept under the rug." Davidson points, as well, to a statement by Sears' Fair Employment Manager that he was "terminated." Sears, admitting that its response to the New Mexico Human Rights Division includes a statement by its manager that Davidson was "terminated," argues the reference was mistaken and other references in the same document refer to Plaintiff's cessation of employment as a "voluntary resignation." Whichever set of facts are true, the matter of whether Davidson left Sears voluntarily or was constructively discharged is clearly in dispute.

With regard to the ultimate issue, Sears argues Davidson holds no evidence of age discrimination. Davidson, on the other hand, points to several facts, including statements of Sears' employees and managers referencing a need to eliminate older, full-time employees from the workforce. Sears claims these statements are insufficient to constitute direct evidence of discrimination, but the weight to be given this evidence is for the jury to decide. Sears also attacks the reliability of the statements and contends they are too removed in time to be pertinent. Again, these are questions for trial which cannot be resolved by summary judgment.

Other points on which Sears relies are similarly material and similarly in dispute. These facts and others pertinent to Davidson's case must be resolved by determining which party is to be believed; and credibility and the weighing of evidence must be left to the jury. The relevant elements of Davidson's case which Sears wants determined in its favor cannot be decided as a matter of law.

## Standard for Summary Judgment

When ruling on a motion for summary judgment, facts must be construed in the light

4

most favorable to the nonmoving party. Magnum Foods, Inc. v. Continental Casualty Co., 36 F.3d 1497 (10th Cir.1994). All doubts must be resolved in favor of the existence of triable issues. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir.1985). In addition, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Only then does the burden shift to the nonmovant to come forward with evidence showing that there is a genuine factual dispute. Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.1991).

In this instance, Sears fails to establish the absence of any genuine issues of fact. Most, if not all, material issues stand in dispute, supported on each side by some kind of admissible evidence. These, as well as multiple issues of credibility, must be decided by a jury.

NOW, THEREFORE, IT IS ORDERED that Defendant's Motion for Summary Judgment is denied.

_____
SENIOR UNITED STATES JUDGE